UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRIAN VAUGHN,<br><br>      Plaintiffs,<br><br>  v.<br><br>CITY OF PUYALLUP, et ano.,<br><br>      Defendants. | Case No. C07-5093RJB<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DEFENDANT CITY OF PUYALLUP TO PRODUCE DISCOVERY AND DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S OPPOSITION PLEADINGS |

  This matter comes before the Court on Plaintiff's Motion to Compel Defendant City of Puyallup to Produce Discovery (Dkt. 14) and Plaintiff's Motion to Strike Defendant's Opposition Pleadings (Dkt. 20). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file herein.

PROCEDURAL HISTORY

  On February 7, 2007, Plaintiff Brian Vaughn filed the complaint in the Superior Court of the State of Washington for Pierce County. Dkt. 1. Plaintiff alleges that he was constructively discharged from the Police department of Defendant City of Puyallup ("Defendant") in violation of Plaintiff's rights under 42 U.S.C. § 1983. *Id*. On February 27, 2007, this suit was removed to the United States District Court for the Western District of Washington at Tacoma (Dkt. 1) and assigned to United States District Judge Robert J. Bryan on May 16, 2007. Dkt. 8.

  On July 18, 2007, Plaintiff served Defendant with written discovery requests. Dkt 14 at 6. The

ORDER
Page - 1

1  parties disagree as to the extent and completeness of Defendant's production of electronic and written
2  documents. Plaintiff contends that Defendant has been unwilling to search for responsive documents. *See*
3  Dkt. 14. at 5-8 (Plaintiff's detailed discovery timeline). Defendant counters that it has complied with
4  Plaintiff's discovery requests and conducted discovery in good faith. Dkt 16 at 12. Moreover, Defendant
5  claims that it has "agreed on several occasions to conduct additional searches for discovery." *Id*.
6  On October 4, 2007, Plaintiff filed this motion to compel moving the Court for an Order:

7,8  (1) Compelling Defendant City of Puyallup to instruct any of its employees identified in Plaintiff's or Defendants' Initial Disclosures (and any supplements thereto) to conduct a diligent search for existing paper documents and to produce any additional documents responsive to Plaintiff's discovery requests that are found;

9,10  (2) Compelling Defendant to conduct and document, such that it is comprehensible to Plaintiff, a reasonably comprehensive search of its electronic records for documents responsive to Plaintiff's discovery;

11,12,13  (3) Extending the discovery deadline in this matter for the limited purpose of permitting Plaintiff to conduct further discovery as needed in response to any additional documents produced by Defendant as a result of the discovery compliance ordered above;

14  (4) Ordering Defendant to pay the reasonable expenses necessitated by Defendant's discovery violations, including attorneys fees; and

15  (5) Ordering any additional sanction that the Court deems just.

16  Dkt. 14 at 11. On October 16, 2007, Defendant filed an opposition brief and supporting documents. Dkt.
17  16. On October 19, 2007, Plaintiff filed a reply brief and included a motion to strike Defendant's
18  opposition brief. Dkt. 20.
19  On October 23, 2007, the Court held a conference call with the parties regarding this motion.
20  During that call, Defendant stated it would produce some audio recordings that Plaintiff identified in the
21  reply brief. For the purposes of this motion, the Court will assume Defendant has produced those
22  recordings.

23  <center>DISCUSSION</center>

24  **A.   Plaintiff's Motion to Strike Defendant's Opposition Brief**

25  Plaintiff moved to strike Defendant's opposition brief on the grounds that the brief was untimely
26  and that the brief was factually unsupported. Dkt. 20 at 1-2.
27  First, "any opposition papers shall be filed and served not later than the Monday before the noting
28  date." Local Rule 7(d)(3). Defendant filed its opposition brief one day late on the Tuesday before the

1  noting date. While compliance with the local rules of procedure is desirable, Plaintiff does not claim and
2  has not shown prejudice from Defendant's untimely submission.

3  Second, if a motion requires consideration of fact not appearing of record, then the party filing the
4  motion shall also file evidence in support of the motion. Local Rule 7(b). Defendant filed two declarations
5  in support of its opposition brief. *See* Dkt. 17; Dkt. 18. Plaintiff vaguely claims that the declarations filed
6  in support of Defendant's opposition do not support Defendant's entire statement of facts. Dkt. 20 at 2.
7  Plaintiff, however, fails to show that Defendants motion is wholly unsupported by the declarations or the
8  record. *Id.*

9  Therefore, the Court should decline to grant Plaintiff's Motion to Strike Defendant's Opposition
10 Pleadings.

12 **B.   Plaintiff's Motion to Compel**

13 Pursuant to Fed. R. Civ. P. 26(b)(1), parties may obtain discovery regarding any matter, not
14 privileged, that is relevant to the claim or defense of any party, including the existence, description, nature,
15 custody, condition and location of any books, documents, or other tangible things and the identity and
16 location of person having knowledge of any discoverable matter. Requests for production of documents,
17 electronically stored information, and other things are governed by Fed. R. Civ. P. 34.

18 **1. Instruct Defendant's Employees**

19 Plaintiff requests that the Court instruct Defendant's employees to conduct a diligent search for
20 existing paper documents and to produce additional responsive documents. Dkt. 14 at 11. Defendant
21 argue that the city employees have performed a "reasonable" inquiry regarding relevant documents. Dkt.
22 16 at 11.

23 Defendant is already under a duty to conduct a reasonable inquiry regarding relevant documents
24 and to produce such documents. Defendant maintains it has done so. Plaintiff's request is unnecessary and
25 not authorized by the rules of discovery. Therefore, the Court should decline to grant Plaintiff's Motion to
26 Compel on this issue.

27 **2. Comprehensive Search of Defendant's Electronic Records**

28 Plaintiff contends that Defendant has not thoroughly searched its electronic storage network or

devices for relevant documents. *See* Dkt. 21-2, pgs. 6-28 (letter between the parties regarding Defendant's electronic discovery efforts). Plaintiff requests that the Court compel Defendant to conduct and document a reasonably comprehensive search of its electronic data such that "it is comprehensible to Plaintiff." Dkt. 14 at 11. Plaintiff, however, fails to cite authority for the proposition that the Court should enforce Plaintiff's subjective notion of how Defendant should conduct discovery. As explained *supra*, Defendant is under a duty to produce all relevant documents. Defendant is not under a duty to comply with every discovery procedure requested by Plaintiff. Therefore, the Court should decline to grant Plaintiff's Motion to Compel on this issue.

### 3. Extending the Discovery Deadline

Plaintiff requests that the Court extend the discovery deadline as a result of any discovery the Court orders as a result of Plaintiff's Motion to Compel. This issue is moot because the Court should decline to grant Plaintiff's Motion to Compel.

### 4. Sanctions

As discussed above, Plaintiff has failed to show that Defendant has committed discovery violations. Therefore, the Court should not impose sanctions on Defendant.

### ORDER

Therefore, it is hereby

**ORDERED** that Plaintiff's Motion to Compel Defendant City of Puyallup to Produce Discovery (Dkt. 14) is **DENIED** and Plaintiff's Motion to Strike Defendant's Opposition Pleadings (Dkt. 20) is **DENIED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 6th day of November, 2007.

ROBERT J. BRYAN
United States District Judge